MICHAEL PALADINO, RESPONDENT, *v.* THE BOARD OF SUPERVISORS OF WESTCHESTER COUNTY, APPELLANT.

*Action against a city or county to recover damages for the destruction of property by a mob — 1855, chap. 428 — no recovery can be had if such destruction was occasioned, or in any manner aided, by the carelessness of the claimant.*

Upon the trial of this action, brought against the supervisors of Westchester county, under chapter 420 of 1855, to recover damages for the alleged destruction by a mob of a shanty and its contents owned by the plaintiff, evidence was given tending to show that the mob or body of men engaged in the destruction of the plaintiff's shanty and its contents were frenzied by strong drink sold to them by the plaintiff, who had no license; that the anger of the men was excited by a refusal to continue the sale longer, either because they had no more money or because they were getting too turbulant, and that something like an hour afterwards these drunken and furious men returned to the shanty and burned it down. *Held*, that the action could not be maintained.

That the true meaning of the statute was that if a mob be maddened by the voluntary and unlawful act of the claimant, and the destruction of his property is the result, a good defense exists in favor of the city or county when sued for the injury occasioned by the mob.

That no action can be maintained if such destruction or injury of property was occasioned, or in any manner aided, sanctioned or permitted, by the carelessness or negligence of such person.

APPEAL from a judgment entered in Westchester county upon the trial of this action at Special Term.

The action was brought under chapter 428 of the Laws of 1855, to recover the sum of $1,000 for the alleged destruction of a shanty and its contents by a mob. The plaintiff was the owner of a shanty on the line of the new aqueduct in the county of Westchester. About five o'clock in the afternoon of the 11th of October, 1886, a large number of men came into the bar-room of plaintiff's shanty. When these men entered the shanty they were sober, quiet and orderly. For more than one hour the plaintiff continued to sell these men whisky and lager until they became intoxicated, when he refused to continue to sell to them. They went away, and in about an hour they returned, still intoxicated, and set the shanty on fire or blew it up.

*W. H. Robertson*, for the appellant.

*William G. Valentine*, for the respondent.

BARNARD, P. J.:

There is proof tending to show, and which may be said to clearly establish, the fact that the mob or body of men engaged in the destruction of the plaintiff's shanty and contents were frenzied by strong drink; that the same was sold to the men without license (and license would be no protection) by the plaintiff; that the anger of the men was excited by a refusal to contine the sale longer, either because they had no more money or because they were getting too turbulent; that something like an hour afterwards these drunken and furious men returned to the shanty and burned it down with its contents. It seems to me that the true meaning of the statute is that if a mob be maddened by the voluntary and unlawful act of the claimant and the destruction of his property is the result, a good defense exists in favor of the city or county when sued for the injury occasioned by the mob. No action will be supported "if such destruction or injury of property was occasioned or in any manner aided, sanctioned or permitted by the carelessness or negligence of such person." If these men had destroyed the property of another person, such person could recover the damages under the civil damage act. He should be made liable for his own property thus destroyed as against the county.

Judgment reversed and a new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.